UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| FenF, LLC, | ) | CASE NO. 5:08CV404 |
| | ) | |
| Plaintiff, | ) | JUDGE SARA LIOI |
| | ) | |
| v. | ) | Magistrate Judge George J. Limbert |
| | ) | |
| HEALIO HEALTH INC., et al., | ) | **INTERIM REPORT AND** |
| | ) | **RECOMMENDATION** |
| Defendant. | ) | **REGARDING PLAINTIFF'S** |
| | ) | **MOTION FOR CONTEMPT** |

The instant matter is before the Court on Plaintiff FenF, LLC's ("Plaintiff") motion for contempt (ECF Dkt. #79) and Plaintiff's oral motion to strike an affidavit of Joshua A. Lefkovitz that Defendant Healio Health Inc.("Defendants") filed in response to the motion for contempt (ECF Dkt. #114.

Title 28, Section 636(e)(6)(B) of the United States Code, provides that, upon the commission of a contemptuous act, in any case before a magistrate judge under Section 636 (a) or (b) (which includes referral of a pretrial matter, as is the case here) where the act constitutes civil contempt the magistrate judge shall forthwith certify the facts of the violation to a district judge.  28 U.S.C. §636(e)(6)(B).

Accordingly, the undersigned certifies the following facts:

On July 24, 2008, Plaintiff filed a motion for contempt, alleging that Defendants violated the Court's permanent injunction (ECF Dkt. #13) and an order requiring Defendants to disclose a list of distributors and resellers (ECF Dkt. #67).  ECF Dkt. #79.  On August 11, 2008, Defendants filed a brief in opposition, contending that they have substantially complied with the orders and that sanctions for contempt are unnecessary because "[d]amages suffered by Plaintiff, if any, are yet to be assessed."  ECF Dkt. #86 at 2-7.  On September 8, 2008, Defendants filed an affidavit of Joshua A. Lefkovitz in support of their brief.  ECF Dkt. #114.  On September 9, 2008, the undersigned conducted a hearing on the matter, where Plaintiff moved to strike the affidavit as untimely.  The

undersigned indicated that the oral motion would be taken under advisement.

In analyzing the facts surrounding the motion, a review of the pertinent orders is appropriate.

On February 29, 2008, the Court issued a Permanent Injunction ordering:

> 3. Defendants shall cease and desist from using the mark "Yoga Toes."
>
> 4. Defendants shall cease and desist from using the word "Yoga" with respect to any and all toes stretching devices, including, but not limited to, Defendants' Healthy Toes product.

ECF Dkt. #13 at 2. On May 29, 2008, the Court issued an order directing as follows:

> 1. Defendant will provide plaintiff with the identity of its distributors and/or re-sellers, under an Attorneys' Eyes Only Provision, as to the following criteria:
>
>    A. Toe stretchers sold in the United States having an openable toe hole,
>
>    B. From November 7, 2006 to the present time.

ECF Dkt. #67 at 1.

Defendants argue that substantial compliance and a lack of injury do not merit a finding of contempt. ECF Dkt. #86. Defendant notes that "[T]he purpose of civil contempt in this circuit is to 'compel obedience to a Court Order *and* [to] compensate for injuries caused by non-compliance." *Id*. at 1 quoting *Gannett Outdoor Co. v. City of Westland*, 1989 WL 51367 (E.D. Mich. 1989) (emphasis original in Defendants' brief) (internal quotations omitted). Of note, the *Gannett* court stated that "[c]ivil contempt would only be appropriate to compensate Westland for Gannett's past noncompliance and to force Gannett to comply with the court's order." *Gannett*, 875 F.2d at 2. Therefore, the *Gannett* court acknowledged that civil contempt is appropriate to force compliance with an order, and any fine in excess of actual loss is unjustified. The undersigned's interpretation is consistent with the *Gannett* court's holding:

> Since there was no evidence that Westland suffered any actual economic loss due to Gannett's noncompliance and because the $3,000 fine was not conditioned on future noncompliance (in that the district court specifically imposed a conditional fine of $5,000 a day for failure to remove the billboards), **the fine was obviously punitive, and therefore a sanction for criminal-not civil-contempt**.

*Id*. Defendants contend that civil contempt is inappropriate under *Gannett* because Plaintiff has not demonstrated actual economic loss. ECF Dkt. #86 at 4. The undersigned disagrees with

-2-

Defendants' characterization of *Gannett*. A showing of pecuniary loss is not absolutely necessary under *Gannett*; it merely imposes an upper-bound on any fine imposed by the court. Indeed, attorney's fees incurred in seeking compliance with an order would virtually always satisfy the requirement of economic harm. Further, it is certainly within the Court's power to enforce its own order, irrespective of whether non-compliance has caused pecuniary loss. Consistent with this principle, the *Gannett* court's holding simply means that any judgment against a contemptuous party must not exceed actual loss, as punitive fines are not an appropriate remedy for civil contempt. Therefore, the *Gannett* case should not be interpreted as setting forth a conjunctive test requiring both noncompliance and injury. Rather, noncompliance alone can constitute sufficient grounds for a finding of contempt, and compensation for injuries is a separate and distinct policy consideration supporting enforcement of court orders and defining the extent of the appropriate remedy.

> The undersigned is persuaded by the standard set forth by Plaintiff:
>
>> A finding of civil contempt is justified in those situations where the movant can demonstrate that a definite and specific court order has been violated. *See generally Grace v. Center for Auto Safety*, 72 F.3d 1236, 1241 (6th Cir. 1996). In other words, if a party violates an order that is clear an unambiguous, the court may find that the party is in contempt. *See id*. In determining whether a party is in contempt, the court must ask whether that party has failed to take all reasonable steps in its power to comply with the order. *Harrison v. Metropolitan Gov't of Nashville & Davidson County, Tenn.*, 80 F.3d 1107, 1112 (6th Cir. 1996) (quotation omitted), *overruled on other grounds by Jackson v. Quanex Corp.*, 191 F.3d 647, 667 (6th Cir. 1999).
>>
>> The court has the inherent power to enforce compliance through civil contempt. *United States v. Mine Workers*, 330 U.S. 258, 330-332 (1947) (Black and Douglas, JJ., concurring in part and dissenting in part). A contempt fine is considered civil and remedial where its purpose is to compensate the complainant. *Int'l Union, United Mine Workers of Am. V. Bagwell*, 512 U.S. 821, 829 (1994) (citation omitted). Importantly, a court "has inherent authority to enforce [its] judicial orders and decrees in cases of civil contempt by assessing attorneys' fees." *Liberis v. Craig*, No. 87-5321, 1988 WL 37450 at *5 (6th Cir. 1988) (citing *Cook v. Ochsner Foundation Hospital*, 559 F.2d 270, 272 (5th Cir. 1977)).

ECF Dkt. #79 at 4. Having reviewed the authority upon which Plaintiff relies, the undersigned believes the proper inquiry in determining the instant motion is twofold: (1) whether the Permanent Injunction issued on February 29, 2008 and the order issued on May 29, 2008 are clear and unambiguous; and (2) whether Defendants failed to take all reasonable steps in their power in order to comply with those orders. This is the appropriate inquiry because, even following *Gannett*, the

Sixth Circuit articulated the movant's burden without requiring economic harm: "In a civil contempt proceeding, the petitioner must prove by clear and convincing evidence that the respondent violated the court's prior order." *Glover v. Johnson*, 934 F.2d 703, 707 (6th Cir. 1991); *see also NLRB v. Cincinnati Bronze, Inc.*, 829 F.2d 585, 590 (6th Cir.1987) ("A litigant may be held in contempt if his adversary shows by clear and convincing evidence that he violated a definite and specific order of the court requiring him to perform or refrain from performing a particular act or acts with knowledge of the court's order.") (internal quotations omitted).

In the case at bar, both of the Court's orders are clear and unambiguous. Although Defendants do not challenge the clarity of the orders, the undersigned will briefly address the issue for completeness. The Permanent Injunction issued on February 29, 2008 specifically identifies the conduct from which Defendants are prohibited in engaging. The Permanent Injunction specifically states which terms Defendants were not permitted to use. Further, the May 29, 2008 order was initiated as a proposed order submitted by Defendants. The order clearly requires Defendants to submit a list of their distributors or resellers. Accordingly, both of the orders are clear and unambiguous.

Turning next to Defendants' compliance with the Court's Permanent Injunction, Plaintiff has presented the Court with a printout from Defendants' website, www.healiohealth.com . ECF Dkt. #79, Ex. C. Upon review of that document, it is clear that, as of July 24, 2008, Defendant's website contained references to "yoga" in connection with its toe stretching device, and the page also uses the mark "yoga toes." Therefore, it is clear the Defendants have violated the order. Further, on September 8 and 9, 2008, the undersigned conducted his own internet search using Google and the term "healio toe yoga." The search revealed another Healio webpage referring to a "yoga toe stretcher." The undersigned furnished a copy of the webpage to counsel for both parties. Therefore, as of the date of the hearing on the matter, Defendants remained non-compliant with the Permanent Injunction. Since a cursory search of the internet using a readily available search engine revealed Defendants' noncompliance with the Permanent Injunction, it cannot be said that Defendants have taken all reasonable steps within their power to ensure compliance. It is incumbent upon Defendants, not upon Plaintiff or the Court, to take these measures to ensure compliance with the

Court's orders. Defendants failure to take these steps to ensure compliance is especially inexcusable because Defendants conduct a large amount of business on the internet and rely, in part, on search engines to direct consumers to their commerce site. Therefore, Defendants should be expected to employ these same search engines to ensure compliance with the Court's orders.

Finally, turning to Defendants' compliance with the May 29, 2008 order, the undersigned notes that Plaintiff has furnished a list of re-sellers and distributors that Defendants sent as a response to an interrogatory. ECF Dkt. #79, Ex. A. Plaintiff has also furnished computer printouts showing that three distributors/re-sellers were not disclosed in Defendants' response. ECF Dkt. #79, Ex. C. Defendants contend that one of those distributors, The Ink Link, is a name utilized by one of the 34 entities disclosed in the response to Plaintiff's discovery request. ECF Dkt. #86 at 3. Defendants further contends that HealDirect.com is an entity that is unknown to them, and Banner Therapy is a customer of an entity that was inadvertently not included in responses. *Id*. The failure to disclose these entities violates the May 29, 2008 order. The fact that Plaintiffs was able to find these entities by using a readily available search engine and searching for "healthytoes" demonstrates that Defendants have not taken all reasonable actions within their power to ensure compliance. *See* ECF Dkt. #79, Ex. C.

Based on the foregoing certified facts, the undersigned RECOMMENDS that the Court GRANT Plaintiff's motion (ECF Dkt. #79), and assess reasonable attorneys' fees incurred in seeking compliance with the Court's orders.

In light of the foregoing recommendation, the undersigned DENIES AS MOOT Plaintiff's oral motion to strike the affidavit of Joshua A. Lefkovitz.

Date: September 12, 2008          */s/George J. Limbert*
                                  George J. Limbert
                                  United States Magistrate Judge

ANY OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within ten (10) days of service of this notice. Failure to file objections within the specified time WAIVES the right to appeal the Magistrate Judge's recommendation. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).