UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| FenF, LLC, | ) | CASE NO. 5:08-CV-404 |
| | ) | |
| Plaintiff, | ) | JUDGE SARA LIOI |
| | ) | |
| vs. | ) | |
| | ) | MEMORANDUM OPINION |
| | ) | AND ORDER |
| HEALIO HEALTH, INC., et al., | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |

This matter is before the Court on a joint motion by plaintiff FenF, LLC ("FenF" or "Plaintiff") and Defendants Healio Health Inc., Healthy Toes LLC, PMT Medical Inc., and Joshua Lefkovitz (collectively, "Defendants") seeking to enforce the parties' settlement agreement. (Doc. No. 333.) The matter is ripe for decision.

**I. Statement of Facts and Procedural History**

The parties compete in the consumer products market and, in particular, in the market for orthopedic toe stretching devices. Plaintiff sells a product known as Yoga Toes, for which it holds two United States patents, a federal trademark registration, and several copyrights. Defendants formerly distributed a similar competing product known as Healthytoes. This intellectual property dispute arose out of allegations that Defendants' Healthytoes product infringed Plaintiff's rights.

On March 17, 2010, the parties successfully mediated the case, agreeing to settlement terms ending the litigation. Two days after the mediation, Defendants sent Plaintiff a

letter memorializing the settlement framework. (Joint Mot. to Enforce Settlement, Ex. 1, Doc. No. 333-1.) That letter, dated March 19, 2010, incorporated provisions drawn from a settlement demand Plaintiff sent to Defendants on December 31, 2009. (Joint Mot. to Enforce Settlement, Ex. 2, Doc. No. 333-2.)

As part of the settlement, Defendants agreed to exit the toe stretcher business; acknowledge the validity of Plaintiff's intellectual property rights; assign and deliver all Healthytoes intellectual property, molds and inventory to Plaintiff; and assign and disclose "complete customer lists and evidence of notification to all customers of [the] assignment of all HealthyToes intellectual property, [and] all toe stretcher product accounts."

Unable to agree on what the settlement requires with respect to the disclosure of Defendants' customer information, the parties jointly submitted their dispute to the Court for resolution. In doing so, the parties stipulated to limit the evidentiary record to the March 19, 2010 letter and the December 31, 2009 demand, and agreed to waive any appellate rights relative to the Court's decision on this issue.

**II. Law and Analysis**

A district court possesses broad, inherent authority and equitable power "to enforce an agreement in settlement of litigation pending before it, even where that agreement has not been reduced to writing." *Bostick Foundry Co. v. Lindberg*, 797 F.2d 280, 282-83 (6th Cir. 1986). "Before enforcing a settlement, a district court must conclude that agreement has been reached on all material terms." *Re/Max Int'l, Inc. v. Realty One, Inc.*, 271 F.3d 633, 645-46 (6th Cir. 2001). Once concluded, a settlement agreement is as binding, conclusive, and final as if incorporated into a judgment. *Clinton St. Greater Bethlehem Church v. City of Detroit*, 484 F.2d

185, 189 (6th Cir. 1973).

The parties agree that they reached a final, conclusive settlement agreement, but simply cannot agree on a single discrete, non-material[1] item—whether that agreement requires Defendants to provide Plaintiff with customer lists for defendant Healio Health, Inc.'s sales of Healthytoes toe stretching devices. Prior to the formation of Healthy Toes, LLC, Healio Health sold the Healthytoes product to individual customers throughout the United States. The issue framed by the parties turns on whether the phrases "complete customer lists" refers to all sales of the Healthytoes product by Defendants, or to the more limited universe of sales by the corporate entity Healthy Toes, LLC.

Plaintiff asserts entitlement to the entire sales history of the Healthytoes product, including Healio Health's sales information, highlighting the absence of any language in the March 19, 2010 letter limiting the subject customer lists to those of Healthy Toes, LLC, or otherwise distinguishing among the numerous related defendant entities. Defendants counter that the relevant part of the settlement contemplated the assignment of the Healthy Toes, LLC business assets, which necessarily do not include Healio Health's customer lists, and that requiring Healio Health to supply such information would violate that company's privacy policy and harm its customers.

The documentary evidence is ambiguous on this point, as both sides proffer reasonable interpretations of the agreement that are consistent with the language of both the March 19, 2010 letter and the December 31, 2009 demand. *See Schachner v. Blue Cross & Blue Shield of Ohio*, 77 F.3d 889, 893 (6th Cir. 1996) ("Contract language is ambiguous if it is subject

---

[1] The non-material nature of the disputed item is implicit in the motion, given that, were the dispute material, the parties necessarily would not have agreement on all material terms, and thus no settlement to enforce.

to two reasonable interpretations."). Resolution of this dispute would, therefore, ordinarily necessitate an evidentiary hearing, *see Aro Corp. v. Allied Witan Co.*, 531 F.2d 1368, 1372 (6th Cir. 1976), but the parties expressly agreed to limit the evidentiary record and waive their ability to appeal the Court's decision. In light of those stipulations, the Court finds it appropriate to rule on the issue.[2] On balance, finding that Defendants supply the more reasonable of the two competing constructions, the Court adopts Defendants' proposed interpretation of the settlement. Two key reasons inform the Court's choice.

First, the parties agree that a principal tenet of the settlement is the transfer of the Healthy Toes business to Plaintiff. Although the precise meaning of what constitutes the "Healthy Toes business" is not clear, a reasonable understanding of that term does not suggest that it includes the customer information of Healio Health, which is a separate business engaged in the sale of many unrelated products. Had the parties intended to transfer Healio Health's customer information pertaining to the Healthytoes product, they could and should have done so with express language to that effect. But given that the agreement contemplates the transfer of the Healthy Toes business to Plaintiff, but not the Healio Health business, and uses the phrase "complete customer lists" to describe what Defendants must supply as part of that transfer, the Court finds that the customer lists referred to do not include Healio Health's customer information.

Second, and equally importantly, requiring the transfer of Healio Health's customer information would violate that company's privacy policy. Healio Health told its

---

[2] The Court takes careful note of the Ohio Supreme Court's observation that "courts should be particularly reluctant to enforce ambiguous or incomplete contracts that aim to memorialize a settlement agreement between adversarial litigants." *Rulli v. Fan Co.*, 79 Ohio St. 3d 374, 376 (1997). The parties' joint insistence that they have a conclusive agreement substantially mitigates that concern in this case.

customers that their transactions were governed by Healio Health's privacy policy, which precluded Healio Health from sharing customer information with third parties. Allowing Plaintiff to obtain that information without any type of notice to the customers would result in manifest unfairness to those customers, who are not a party to this action and may very well have conditioned their purchases from Healio Health on that company's promise to keep their customer information confidential.

### III. Conclusion

For these reasons, the parties' joint motion to enforce the settlement agreement is GRANTED, and the Court hereby finds that the agreement does not require Defendants to provide Healio Health's customer lists pertaining to sales of Healthytoes toe stretchers.

**IT IS SO ORDERED**.

Dated: July 8, 2010

**HONORABLE SARA LIOI**
**UNITED STATES DISTRICT JUDGE**