UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| FENF, LLC, | ) | CASE NO. 5:08 CV 404 |
| | ) | |
| PLAINTIFF, | ) | JUDGE SARA LIOI |
| | ) | |
| vs. | ) | |
| | ) | **MEMORANDUM OPINION** |
| HEALIO HEALTH INC., et al., | ) | **AND ORDER** |
| | ) | |
| DEFENDANTS. | ) | |
| | ) | |

Defendants Healio Health Inc., Healthy Toes LLC, PMT Medical, Inc., and Joshua A. Lefkovitz (collectively, "Healthy Toes") moved this Court to reinstate the instant action to an active docket. (Doc. No. 337.) Defendants allege that reinstatement is warranted because Defendant As We Change ("As We Change")[1] had a pending motion seeking leave to add a cross-claim that was not resolved by the settlement agreement. As We Changed filed an opposition to Healthy Toes' motion and Healthy Toes replied. (Docket Nos. 338 and 340, respectively.)

At the outset it must be noted that the settlement agreement resolved *all pending claims* in this action. (Docket No. 328.) While As We Change's *motion for leave* to file a cross-claim *was pending* at the time of settlement (Docket No. 297), it is evident that As We Change no longer seeks to pursue that claim before this Court. In fact, As We Change has filed an identical claim, *i.e.*, a indemnity claim for attorneys' fees accrued in defending the instant action, in the Southern District of California. *See* Civil Docket for Case No. 3:10-cv-01330-BEN-AJB in

---

[1] In its response, As We Change informed the Court that it is now known as "Disposition Company." Given the nature of this order, the Court will continue to refer to this defendant by the name used in the pleadings.

the U.S. District Court of the Southern District of California ("S.D. Cal. Docket"). In light of these circumstances, it would be well within this Court's discretion to deny As We Change's motion for leave to file a cross-claim even if this case was still pending. *See Budd Co. v. Travelers Indem. Co.,* 820 F.2d 787, 792 (6th Cir.1987) (indicating it is within the Court's discretion to deny leave to amend a pleading in the later stages of a ligation if it requires additional discovery or strains the court's docket).

"In the absence of actual and substantial prejudice to a litigant, matters of docket control […] are left to the discretion of the trial court." *In re Air Crash Disaster,* 86 F.3d 498, 516 (6th Cir.1996) (citations omitted). Here, neither party is at risk of being prejudiced if this Court denied Healthy Toe's motion to reactivate the case docket. As We Change will not be prejudiced as it may pursue (and is pursuing) its indemnity claim in the Southern District of California. Healthy Toes also will not be prejudiced as they may move the Southern District of California to transfer the action to this District pursuant to 28 U.S.C. § 1404(a). Indeed, Healthy Toes has already sought just such a transfer. (S.D. Cal. Docket No. 6.)

Defendant Healthy Toes has presented no substantive reason for this Court to reinstate this action's docket as active. Accordingly, defendant Healthy Toes' motion for reinstatement is **DENIED**.

**IT IS SO ORDERED**.

Dated: September 3, 2010

**HONORABLE SARA LIOI**
**UNITED STATES DISTRICT JUDGE**